UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JACKIE MCCLEARY, ET AL.** | **CASE NO. 5:19-CV-00052 LEAD** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **ELEKTA INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |
| | **\*\*\* consolidated with \*\*\*** |
| **SECURA INSURANCE CO.** | **CASE NO. 5:19-CV-01280** |
| **VERSUS** | |
| **ADVANCED SHIELDING TECHNOLOGIES, INC.** | |

### ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is plaintiffs' motion to stay discovery [doc. # 40]. By this motion, plaintiffs seek to stay all discovery until the court decides plaintiffs' pending "Motion for Leave to Amend Including Request for Partial Limited Reconsideration" [doc. # 24]. Defendant, Advanced Shielding Technologies, Inc., ("Advanced Shielding") opposes the motion. [doc. # 42]. Defendants, Elekta, Inc. and Elekta Oncology Systems, Inc., do not oppose the motion in light of the COVID-19 pandemic, but ask that all other applicable deadlines be extended correspondingly. [doc. # 43]. Consolidated plaintiff, Secura Insurance Co., did not respond to the motion. The matter is ripe.

Courts enjoy the discretionary authority to stay proceedings "in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The court's discretion is not limitless, however. *Id.* Courts consider the following factors in deciding whether to stay proceedings: "1) hardship and inequity on the moving party

without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (citations omitted).

      Plaintiffs contend that their proposed amended complaint will add new claims, dismiss other claims, and dismiss all claims against one defendant. Nevertheless, defendant, Advanced Shielding, seeks to move forward with discovery, as framed by plaintiffs' original claims. Plaintiffs argue that if the parties proceed with discovery within the narrow scope requested by defendant, then there is a risk that the parties will have to re-depose witnesses and conduct duplicative discovery should plaintiffs prevail on their pending motion. Plaintiffs further emphasize that, because they fall with the categories of persons who are at-risk for severe outcomes from exposure to the COVID-19 virus, the pandemic makes it hazardous for them to proceed with discovery.

      In response, Advanced Shielding asserts that even if plaintiffs were to prevail on their pending motion, the scope of any additional discovery would prove narrow and the risk of duplicative discovery minimal. Meanwhile a stay would severely prejudice defendants should one or more of the immunologically compromised plaintiffs succumb to the virus before he could be deposed. Defendants also observe that COVID-19 should not impact written discovery, and depositions could be taken remotely.

      The court agrees with defendant that the safety challenges posed by COVID-19 are not insurmountable. However, in the absence of any indication that the untimely demise of one or more plaintiffs is imminent, the court is not persuaded that defendants will be materially prejudiced by a discovery stay. Thus, when COVID-19 concerns are combined with the

2

possibility that the discovery landscape will be altered should plaintiffs prevail on their pending motion to amend/reconsider, then the parties' interests and judicial economy support entry of a discovery stay pending the outcome of plaintiffs' motion.

    The court further observes that Elekta seeks a continuance of all other case management deadlines. However, the discovery deadline is still a healthy ten months away (March 10, 2021), such that there should be ample time for the parties to complete discovery once plaintiffs' motion is resolved. Certainly, as the case progresses and should the delay impact other deadlines, then, at that time, the parties may petition the court for relief from the existing scheduling order. In the meantime, if there are certain avenues of discovery (e.g., issues in the consolidated declaratory judgment action) that all parties agree will not be materially impacted by the ruling on the motion to amend/reconsider or other safety concerns, then the parties may pursue that discovery. Absent joint agreement, however, discovery is stayed.

    For these reasons,

    IT IS ORDERED that plaintiffs' motion to stay discovery [doc. # 40] until the court decides plaintiffs' pending motion for leave to amend/reconsider [doc. # 24] is GRANTED.[1]

    In Chambers, at Monroe, Louisiana, this 5th day of May 2020.

                                          KAREN L. HAYES
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).